JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

2:18-1429

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

18  1429

HB

## I. (a) PLAINTIFFS
AARON FORD

**DEFENDANTS**
UHS RECOVERY FOUNDATION, INC D/B/A KEYSTONE CENTER AND UNIVERSAL HEALTH SERVICES, INC.

(b) County of Residence of First Listed Plaintiff  BURLINGTON
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
THOMAS BRUNO, II, ESQUIRE
ABRAMSON & DENENBERG, P.C.
1315 WALNUT ST., 12TH FLOOR
PHILA., PA. 19107  (215) 546-1345

Attorneys *(If Known)*
UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 §1332(d)(2)

Brief description of cause: SLIP AND FALL ACCIDENT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000.00 NOT IN EXCESS OF
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE  NONE
DOCKET NUMBER

DATE  MARCH 3, 2018
SIGNATURE OF ATTORNEY OF RECORD  APR - 5 2018

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**18   1429**

Address of Plaintiff: 215 PAVONIA CIRCLE, MARLTON, N.J. 08053

Address of Defendant: 367 S. GULPH ROAD, KING OF PRUSSIA, PA. 19406

Place of Accident, Incident or Transaction: KING OF PRUSSIA, PA.
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)   **SLIP AND FALL ACCIDENT**

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, ▬▬▬▬▬▬▬, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, ▬▬▬▬▬▬ able in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: ▬▬▬▬▬   ▬▬▬▬▬▬▬   ▬▬▬▬▬
                Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/23/2018   **THOMAS BRUNO, II, ESQ.**   **26180**
                        Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

APR -5 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

**AARON FORD**

v.

**UHS RECOVERY FOUNDATION, ET AL**

CIVIL ACTION

18   1429

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| MARCH 3, 2018 | THOMAS BRUNO, II ESQ. | |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 546-1345 | (215) 546-5355 | tbruno@adlawfirm.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

APR -5 2018

THOMAS BRUNO II, ESQUIRE
IDENTIFICATION NUMBER: 26180
ABRAMSON & DENENBERG, P.C.
1315 WALNUT STREET, 12TH FLOOR
PHILADELPHIA, PA 19107
(215) 546-1345, Ext. 103

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON FORD<br>215 PAVONIA CIRCLE<br>MARLTON, NJ 08053 | CIVIL ACTION |
| VS. | JURY TRIAL DEMANDED |
| UHS RECOVERY FOUNDATION, INC.<br>d/b/a KEYSTONE CENTER<br>367 S. GULPH ROAD<br>KING OF PRUSSIA, PA 19406<br>  AND<br>UNIVERSAL HEALTH SERVICES, INC.<br>561 FAIRTHORNE AVENUE<br>PHILADELPHIA, PA 19128 | NO. |

## COMPLAINT

1. Plaintiff, Aaron Ford, is an adult citizen and resident of the State of New Jersey, residing as captioned.

2. Defendant, UHS Recovery Foundation, Inc. d/b/a Keystone Center, is a corporation, organized and existing under Pennsylvania law, with principal place of business located as captioned.

3. Defendant, Universal Health Services, Inc., is a corporation, organized and existing under Pennsylvania law, with principal place of business located as captioned.

4. The court has subject matter jurisdiction pursuant to 28 § 1332(d)(2) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and this is an action in which plaintiff and defendants are citizens of different states.

1

5. Venue is proper under 28 U.S.C. §1391(b) because the causes of action upon which the complaint is based arose in Montgomery County, Pennsylvania, which is in the Eastern District of Pennsylvania and defendants', principle place of business is in Montgomery County, Pennsylvania.

6. At all times, relevant hereto, defendants, jointly and/or severally, owned, managed, possessed, controlled, maintained and/or cared for the real property located at 2001 Providence Avenue in Chester, PA. (Hereinafter referred to as "said premises").

7. On Thursday July 21, 2016, between 8:30 a.m. and 9:00 a.m., Aaron Ford, then 29 years old, was a business invitee on said premises.

8. At that date, time and location, the plaintiff, Aaron Ford, was walking into another room to get breakfast, when he was caused to slipped and fall on a wet and slippery floor surface.

9. As a result, plaintiff's legs were caused to slip out from under him and plaintiff fell straight onto his back and head, causing him to temporarily lose consciousness.

10. The condition of the floor was dangerous for people walking through the facility, such as Mr. Ford.

11. Plaintiff fell as a result of the dangerous condition of the floor on said premises, which was due to the carelessness and negligence of the defendants, jointly and/or severally, either individually, or by and through their agents, workmen, independent contractors and/or employees.

12. This accident resulted from the negligence and carelessness of the defendants, and was not due to any act or failure to act on the part of the plaintiff.

13. The hazardous and dangerous condition in question consisted of a wet floor of the defendants' facility, which created an unreasonable and unsafe hazard to invitees, such as the plaintiff.

14. The defendants had a duty to promptly repair or remediate any hazardous, unsafe and dangerous condition, including drying any water or putting down mats on the floor in their custody and/or control.

15. The defendants had actual and/or constructive notice of the existence of said hazardous, unsafe and/or dangerous condition prior to the happening of the accident.

16. The defendants had a reasonable opportunity to correct the hazardous, unsafe and dangerous conditions prior to the happening of the accident.

17. Notwithstanding the above, on the aforesaid date, the defendants did carelessly and negligently allow the floor to remain in a dangerous, hazardous and unsafe condition.

18. The carelessness and negligence of the defendants, included, but was not limited to, committing and/or allowing to be committed the following:

    a. Creating and/or allowing a dangerous and unsafe condition;

    b. Failing to adequately warn plaintiff of the dangerous and unsafe condition of said floor;

    c. Failing to inspect and properly maintain and/or repair the hazard of the real estate of the floor;

    d. Failing to correct a dangerous and unsafe condition of which defendant knew or should have known;

    e. Failing to provide and ensure for the proper maintenance of said floor by drying the water on it or placing mats down for the safety of business invitees;

    f. Failing to have proper procedures to discover and correct hazardous conditions related to the floor; and

      g.    Failing to protect the plaintiff from said dangerous and unsafe condition of the floor.

19. As a direct result of the above, the plaintiff sustained serious injuries, and/or aggravations thereto, some of which may be permanent, including, but not limited to:

    a. Neck strain;
    b. Cervical strain;
    c. Thoracic strain/sprain; and
    d. Central non-stenotic disc herniations at C3-4 and C4-5.

20. As a further result of the above, the plaintiff has suffered agonizing aches and physical pains, disability, anguish and humiliation, and will continue to suffer for an indefinite time in the future, to plaintiff's great detriment and loss.

21. As a further result of the above, the plaintiff has incurred various expenses for medical treatment, and may be obliged to continue to incur additional such expenditures for an indefinite time in the future, to plaintiff's great detriment and loss, which expenses to date include, but are not limited to:

| Provider | Date | Amount |
|---|---|---|
| Crozer EMS | 7/21/16 | $1,136.00 |
| Crozer-Chester Medical Center | 7/21/16 | $6,469.00 |
| Injury Rehabilitation Center | 12/22/16 – 2/14/17 | $6,107.15 |
| Advanced Diagnostics MRI Thoracic Spine | 1/3/17 | $4,166.00 |
| Komfort & Kare | 1/5/17 | $1,676.50 |
| | 1/20/17 | $126.00 + |
| | TOTAL | $19,680.65 |

4

22. As a result of the actions of the defendants, UHS Recovery Foundation, Inc. d/b/a Keystone Center and Universal Health Services, Inc., the plaintiff, Aaron Ford, has and will hereafter incur other financial expenses and losses.

23. As a further result of the careless and negligent actions of the defendants, the plaintiff, Aaron Ford, has suffered a severe loss of earnings and impairment of earning capacity and power may continue for an indefinite time in the future to his great detriment and loss.

**WHEREFORE**, the plaintiff, Aaron Ford, demands judgment against the defendants, UHS Recovery Foundation, Inc. d/b/a Keystone Center and Universal Health Services, Inc., for an amount not in excess of One Hundred and Fifty ($150,000.00) Dollars plus costs, interest, attorney's fees and delay damages.

**ABRAMSON & DENENBERG, P.C.**

BY:_____
**THOMAS BRUNO II, ESQUIRE**
**IDENTIFICATION NUMBER: 26180**
**ABRAMSON & DENENBERG, P.C.**
**1315 WALNUT STREET, 12TH FLOOR**
**PHILADELPHIA, PA 19107**
**(215 546-1345, Ext. 103**